**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE: 17-cv-21559**

**MENUDO INTERNATIONAL, LLC.**
**A Florida LLC**

      **Plaintiff,**

**v.**

**IN MIAMI PRODUCTION, LLC.**
**A Florida LLC.,**
**Maria Cristina Braun, an individual, and**
**Charlie Masso, an individual**

      **Defendants.**

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

Plaintiff/Counter Defendant Menudo International, LLC. ("Menudo"), by and through undersigned counsel, files this Answer to the Defendant/Counter Plaintiff, In Miami Production LLC's ("IMP") Counterclaim and states as follows:

1. As to the allegations in paragraph 1 of the Complaint, Menudo admits that this purports to be a Counterclaim under the Declaratory Judgment Act, 28 U.S.C. §2201, the Lanham Act, 15 U.S.C. §§ 1051 et seq., and common law of the State of Florida.

2. Menudo admits that this Court has subject matter jurisdiction over this action.

3. Menudo admits that venue is proper in this district.

4. Menudo admits the allegations in paragraph 4 of the counterclaim.

5. Menudo admits the allegations in paragraph 5 of the counterclaim.

6. Menudo admits the allegations in paragraph 6 of the counterclaim.

7. Menudo has insufficient knowledge of the allegations in paragraph 7.

8. Menudo admits the allegations in paragraph 8 of the counterclaim.

9. Menudo has insufficient knowledge of the allegations in paragraph 9.

10. Menudo has insufficient knowledge of the allegations in paragraph 10.

11. Menudo admits the allegations in paragraph 11 of the counterclaim.

12. Menudo has insufficient knowledge of the allegations in paragraph 12.

13. Menudo admits the allegations in paragraph 13 of the counterclaim.

14. Menudo admits the allegations in paragraph 14 of the counterclaim.

15. Menudo admits the allegations in paragraph 15 of the counterclaim.

16. Menudo admits the allegations in paragraph 16 of the counterclaim.

17. Menudo admits the allegations in paragraph 17 of the counterclaim.

18. Menudo admits the allegations in paragraph 18 of the counterclaim.

19. Menudo admits the allegations in paragraph 19 of the counterclaim.

20. Menudo admits the allegations in paragraph 20 of the counterclaim.

21. Menudo has insufficient knowledge of the allegations in paragraph 21.

22. Menudo has insufficient knowledge of the allegations in paragraph 22.

23. Menudo admits the allegations in paragraph 23 of the counterclaim.

24. Menudo admits that IMP repeats and restates the allegation in paragraphs 1-23.

25. Menudo admits the allegations in paragraph 25 of the counterclaim.

26. Menudo admits the allegations in paragraph 26 of the counterclaim.

27. Menudo denies the allegations in paragraph 27 of the counterclaim.

28. Menudo denies the allegations in paragraph 28 of the counterclaim.

29. Menudo denies the allegations in paragraph 29 of the counterclaim.

30. Menudo denies the allegations in paragraph 30 of the counterclaim.

31. Menudo denies the allegations in paragraph 31 of the counterclaim that Menudo misrepresented any information to the USPTO.

32. Menudo denies the allegations in paragraph 32 of the counterclaim.

33. Menudo denies the allegations in paragraph 33 of the counterclaim.

34. Menudo admits that IMP repeats and restates the allegation in paragraphs 1-26.

35. Menudo denies the allegations in paragraph 35 of the counterclaim.

36. Menudo denies the allegations in paragraph 36 of the counterclaim.

37. Menudo denies the allegations in paragraph 37 of the counterclaim.

38. Menudo denies the allegations in paragraph 38 of the counterclaim.

39. Menudo admits that IMP repeats and restates the allegation in paragraphs 1-38.

40. Menudo admits that this claim is purported to be a claim for declaratory judgment.

41. Menudo admits the allegations in paragraph of the counterclaim.

42. Menudo denies the allegations in paragraph 42 of the counterclaim.

43. Menudo denies the allegations in paragraph 43 of the counterclaim

44. Menudo denies the allegations in paragraph 44 of the counterclaim

45. Menudo admits that IMP repeats and restates the allegation in paragraphs 1-44.

46. Menudo denies the allegations in paragraph 46 of the counterclaim.

47. Menudo denies the allegations in paragraph 47 of the counterclaim.

48. Menudo denies the allegations in paragraph 48 of the counterclaim.

49. Menudo admits that IMP repeats and restates the allegation in paragraphs 1-44.

50. Menudo denies the allegations in paragraph 50 of the counterclaim.

51. Menudo denies the allegations in paragraph 51 of the counterclaim.

52. Menudo denies the allegations in paragraph 52 of the counterclaim.

53. Menudo denies the allegations in paragraph 53 of the counterclaim.

54. Menudo denies the allegations in paragraph 54 of the counterclaim.

## GENERAL DENIAL

Each and every allegation not specifically admitted herein is denied.

## FIRST AFFIRMATIVE DEFENSE

Menudo's Trademark was properly registered because Menudo did not commit fraud or misrepresent any facts in their Trademark application to the USPTO.

## SECOND AFFIRMATIVE DEFENSE

Menudo's Trademark was properly registered because their Trademark was being used in commerce in connection with the goods and services stated in their application.

## THIRD AFFIRMATIVE DEFENSE

Menudo did not abandon any rights it has in the Trademark "Menudo" through non-use or by any other means.

## FOURTH AFFIRMATIVE DEFENSE

Menudo's Trademark was properly registered because their Trademark was being used in commerce in connection with the goods and services stated in their application.

## FIFTH AFFIRMATIVE DEFENSE

Granting declaratory judgment in favor of IMP is improper because IMP has infringed upon Menudo's properly registered Trademark by marketing and promoting live performances by entertainers using the Mark and distributing merchandise containing an obvious reference to the Mark.

**SIXTH AFFIRMATIVE DEFENSE**

Granting declaratory judgment that IMP has Priority of use of the Mark "Menudo" is improper because Plaintiff/Counter Defendant Menudo was successor-in-interest to the prior owner of the Trademark, who obtained a properly registered trademark and had used the mark in commerce prior to IMP's initial use and attempted registration of the mark.

Menudo reserves the right to add additional Affirmative Defenses, as they may become known.

WHEREFORE Menudo respectfully requests the Court to dismiss the Counterclaim and/or enter Final Judgment in Menudo's favor, and award any further relief the Court deems equitable and just.

Respectfully submitted,

Richard C. Wolfe, Esq.
Rwolfe@wolfelawmiami.com
Florida Bar No.: 355607
WOLFE LAW MIAMI, PA.
Counsel for Plaintiff

**SERVICE LIST**

I hereby certify that on June 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.