## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE: 17-cv-21559

**MENUDO INTERNATIONAL, LLC**
**A Florida LLC**

**Plaintiff,**

**v.**

**IN MIAMI PRODUCTION, LLC.**
**A Florida LLC., et. al.**
**Defendants.**
_____/

### <u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO CLARIFY</u>

The Defendants, In Miami Production, LLC ("IMP") and Cristina Bruan ("Ms. Bruan") (collectively the "Defendants"), submit the following reply in support of their Motion to Clarify et. al. (Doc. 39) as follows[1]:

1.      The "verified" Complaint is not incorporated into the motion for a preliminary injunction.  *See* Doc 16.  Moreover, even if the Complaint were incorporated into the motion, it fails to allege facts supported by evidence that establishes trademark infringement.  In order to prevail on a federal trademark infringement claim under the Lanham Act, the Plaintiff must demonstrate (1) that it has ownership in the mark and priority, and (2) that the Defendants' uses of the mark were likely to cause consumer confusion.  *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 122 F.3d 1379, 1382 (11th Cir. 1997).  With regard to ownership and priority, the Plaintiff's own pleading alleges that the MENUDO mark was used by *others* in commerce since 1995, and that all these uses were allegedly assigned to the Plaintiff.  *See* Doc. 1

---

[1] This reply contains numbered paragraphs that correspondingly "reply" to each of the numbered paragraphs contained in the Plaintiff's response.

at 10.  However, neither the complaint nor the motion contains a single document demonstrating that this Plaintiff owns the right to the MENUDO trademark.  Furthermore, the Complaint does not allege evidentiary facts that support a finding of likelihood of confusion.  Whether the Defendants' uses of the mark create a likelihood of confusion require this Court to consider seven factors: (1) type of mark, (2) similarity of mark, (3) similarity of the products the marks represent, (4) similarity of the parties' retail outlets and customers, (5) similarity of advertising media used, (6) defendant's intent and (7) actual confusion. *Lone Star,* 122 F.3d 1379, 1382 (11th Cir. 1997); *see also Florida Int'l Univ*., 830 F.3d at 1255. "Of these factors, the type of mark and the evidence of actual confusion are the most important." *Id*.  The Complaint does not contain any facts regarding actual confusion or any of these other factors (with the exception of intent).

2.      Providing supporting evidence for a motion for preliminary injunction for the first time during an evidentiary hearing would substantially prejudice the Defendants.  The Plaintiff should not be permitted to "supplement" the Complaint and motion with affidavits on the eve of the hearing.  Instead, the Plaintiff should be required to withdraw its motion and re-file it with the proper supporting materials.  According to the Plaintiff, since Paul Tarnopol verified under penalties of perjury the truth of the allegations and facts in the Complaint then he should have knowledge sufficient to testify to each and every fact needed to obtain a preliminary injunction in this case. Thus, if the Court decides to move forward with the evidentiary hearing and allow the Plaintiff to introduce evidence, the Plaintiff should, at bottom, be limited to presenting Mr. Tarnopol's testimony at the evidentiary hearing.

3.      There is no reason to have a hearing because even if everything the Plaintiff has alleged is true, it has not sufficiently alleged irreparable harm.  A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes *all four*

*elements* including irreparable harm.  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). While the parties clearly dispute the facts related to the likelihood of confusion analysis, it is *undisputed* that the Plaintiff waited 15 months to seek injunctive relief. The Defendants even claim in their Response (Doc. 41) that they sent three cease and desist letters over a year ago to the Defendant without any response before seeking this extraordinary relief. "[T]he very idea of a preliminary injunction is premised on *the need for speedy and urgent action* to protect a plaintiff's rights. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).  A party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm. *Id.*  The Plaintiff's conduct is the opposite of acting with "speed" or "urgency." Instead, it has dilly-dallied by sending emails, cease and desist letters, and arguing with the Defendants over trademark applications and registrations before the Trademark Trial and Appeal Board.  Then, even after filing its Complaint, the Plaintiff waited many more months – until after the Defendant filed its Counterclaims – to seek injunctive relief.  The Plaintiff cannot show irreparable harm as a matter of law in this District.  *Powers v. Sec'y, Fla. Dep't of Corr.*, 2017 U.S. App. LEXIS 9489, 2017 WL 2364366 (11th Cir. 2017) (not an abuse of discretion to deny a preliminary injunction where Plaintiff's unexplained delay undermined the claim of imminent irreparable injury); *Wreal, LLC v. Amazon.com* 840 F.3d 1244, 1248 (11th Cir.  2016) (Plaintiff failed to show irreparable harm by waiting 5 months to seek a preliminary injunction); *Pals Grp., Inc. v. Quiskeya Trading Corp.,* 2017 U.S. Dist. LEXIS 18567, *16 (S.D. Fla. 2017) (11th Circuit Courts have held that unexplained delays of a few months negate any claim of irreparable harm on a preliminary injunction motion)*; Seiko Kabushiki Kaisha v. Swiss Watch Int'l, Inc.*, 188 F. Supp. 2d 1350, 1355-56 (S.D. Fla. 2002) (explaining that "delay alone may justify denial of a preliminary injunction for trademarking infringement").

3

4.      Plaintiff's informal email disclosures (that are constantly changing) of previously undisclosed surprise witnesses 11 days prior to the Hearing does not give the Defendants a fair opportunity to prepare its opposition. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 434 (1974) ("The notice required by Rule 65 (a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.").

5.      The Plaintiff has not produced the 21 Exhibits they claim that they intend on using at the Hearing, so the statement that they have produced all supporting documents is false.  The alleged witness list continues to morph on a daily basis.  The parties should engage in discovery prior to any injunction hearing.  It is worth noting that the ***proposed*** (but never entered) fact discovery close date is September 29, 2017.  The Court should allow this expedited discovery schedule to proceed, and hold a hearing after the proposed expedited deadlines (or after deadlines are entered similar to those deadlines).  The Defendants will not receive responses to their discovery requests until at least mid-September.

6.      Counsel for the Defendants have requested on multiple occasions, including today, that the Plaintiff produce ***any*** evidence substantiating the allegation that "since 2015 and continuing to present Plaintiff has marketed, distributed and/or sold its goods and services bearing the Mark or similar variations thereof in relation to the internationally known MENUDO band." *See* Doc. 1 at ¶9. The Plaintiff has been unable to provide any such evidence in support of that allegation.  No evidence substantiating this critical allegation was submitted with the Plaintiff's motion for a preliminary injunction.  The Plaintiff would like the Court to enjoin the Defendants when they cannot even produce a single piece of paper showing that they have used their trademark since 2015 (as they alleged under the penalties of perjury).

7.     The Defendants issued a Rule 30(b)(6) deposition notice in an abundance of caution, in the event that the Court does not provide the parties with any additional time to conduct expedited discovery.

8.     The Plaintiff waited 15 months to file this motion, yet now they claim that they cannot wait more than an additional two weeks to conduct proper discovery.  The Court should set an expedited discovery schedule and reset the Hearing.  To that end, the Defendants and their clients are available on any day in October to participate in a hearing.

Respectfully Submitted,

Vivek Jayaram, Esq.
Johanna Hyman, Esq.
Jayaram Law Group
125 S. Clark Street
17th Floor
Chicago, IL 60603
vivek@jayaramlaw.com
T: 646.325.9855
Counsel for Defendants
Admitted Pro Hac Vice

Joshua Ryan Alhalel
Alhalel Law
777 Brickell Avenue, Suite 600
Miami, FL 33131
305-563-9060
Email: josh@alhalel-law.com
Local Counsel

**<u>CERTIFICATE OF SERVICE</u>**

   The undersigned certifies that on August 16, 2017 he served the foregoing Reply in Support of Their Motion to Clarify to be filed using the Court's CM/ECF electronic filing, which will electronically serve all counsel of record:

WOLFE LAW MIAMI, P.A.
RICHARD WOLFE
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
rwolfe@wolfelawmiami.com

T. 305.384.7370
F. 305.384.7371
M. 305.401.3639

                    Vivek Jayaram, Esq.
                    Jayaram Law Group
                    125 S. Clark Street
                    17th Floor
                    Chicago, IL 60603
                    vivek@jayaramlaw.com
                    T: 646.325.9855
                    Counsel for Defendants

                    Joshua Ryan Alhalel
                    Alhalel Law
                    777 Brickell Avenue, Suite 600
                    Miami, FL 33131
                    305-563-9060
                    Email: josh@alhalel-law.com
                    Local Counsel