IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-CV-21559-KMW

MENUDO INTERNATIONAL, LLC,
A Florida LLC,

    Plaintiff,

v.

IN MIAMI PRODUCTION, LLC,
A Florida LLC,
MARIA CRISTINA BRAUN, an individual,
CHARLIE MASSO, an individual,

    Defendants.
_____

**PLAINTIFF'S ADDITIONAL POST-HEARING MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION**

Plaintiff, Menudo International, LLC ("International"), pursuant to this Court's Order of October 11, 2017, submits this Additional Post-Hearing Memorandum of Law in support of it's Motion for Temporary Injunction, and states:

**1. IMP's Improper Citations to Evidence Not Admitted Into Evidence at The Hearing**

In Miami Productions, LLC ("IMP"), Post-Hearing Brief, references to the following evidence which was not submitted, let alone accepted into evidence, hence, it must be disregarded:

    A) Deposition of Paul Tarnopol

    B) Requests for Admissions, and Plaintiff's responses thereto;

    C) Menudo Entertainment's Menudo application filed in June, 2013 (Exhibits E & F to their Post-Hearing Brief)

1

On August 22, 2017, this Court noticed the hearing on the Motion for Preliminary Injunction, as an evidentiary hearing. The foregoing was not submitted during the hearing and certainly not taken into evidence.

2. **IMP's Factually Incorrect Argument That International "Waited 2 Years to Move for Injunctive Relief"**

The unrebutted evidence presented during the hearing is that International acquired the rights to the Mark on May 26, 2016 (P-Ex. 6) (Tarnopol Testimony). It filed suit seeking an injunction on April 28, 2017 only after negotiations with IMP terminated.

3. **IMP Cannot Claim it's Use of the Mark (Which is Illegal), is Superior to International's Common Law Rights**

It is unrebutted (from Oscar Llord's testimony) that each former member of Menudo signed similar contracts as Exhibit 1, which at paragraph 22, provides that such members acknowledge that they had no rights to and would not perform under the name "Menudo." Llord testified these contractual rights were first assigned to him and ultimately to International. The unrebutted evidence was that IMP's use was by these same former members of the band in violation of the contracts they signed. See *CreAgri, Inc. v. USANA Health Scis., Inc.*, 474 F. 3d 626 (9th Cir. 2007) (only lawful use in commerce can give rise to trademark priority). Further, no evidence was presented to rebut the testimony of Llord, Pimentel, Tarnopol (and P-Ex. 6) that International has acquired common law rights.

4. **IMP's Arguments of Abandonment Ignores Extensive and Continuous Use by Menudo Entertainment and International in Uses Other Than Live Performances and It Ignores the Unrebutted Evidence of Intent to use in Live Performances**

IMP tries to mislead the Court to believe that the common law and statutory rights owned by International in the Mark are limited to live performances. In it's initial Post-Hearing Brief, International demonstrated the unrebutted evidence of use of the Mark on a website, potential

TV shows, merchandise and most relevantly, it's unrelenting <u>intent</u> to bring a live performance group back. Llord explained why it takes so long to set up a new performing group, both based upon a) the costs; b) and to create a public thirst for a new group. Even, assuming arguendo that live performances were the sole basis for rights, which International denies, Llord and Tarnopol provided unrebutted evidence of their efforts: including the expenditure of $480,000, the contract with Trading Connections, LLC (P-Ex. 9), the contract proposal with Universal Cable (P-Ex. 21), the detailed business plan (P-Ex. 17), use on the website and on sale of merchandise through Café Press (Tarnopol Testimony). Based upon this unrebutted evidence, IMP's statement, "the record is clear that the Menudo Mark was not actually used in commerce" is false. But more importantly, based upon this unrebutted evidence, International has plainly demonstrated it's intent to use.

**5. IMP Presented No Evidence That International's Mark Was Procured by Fraud**

In support of it's argument, IMP impermissibly cites to the <u>deposition</u> testimony of the Plaintiff and then it makes the misleading argument that "nobody is aware" of (entertainment services) existing in 2013. First, International acquired it's rights in 2016. The Menudo application for Registration No. 4,558,767 was filed on June 21, 2013 claiming a 1st use in 2006 based on acts that predated International's ownership (P-Ex. 7).

Then, IMP cites as "Exhibit F", another document that was <u>not</u> admitted into evidence) and IMP makes the brazen statement that when Menudo Entertainment submitted it's application for what is now Registration No. 4,558,767, "they lied under oath" in order to fraudulently obtain a registration. IMP has presented no evidence of a non-use, to rebut Llord's evidence of Menudo Entertainment's use, including a group that performed until 2009. But most relevantly, IMP fails to come close to satisfying its requisite burden of proof (of intent to commit fraud upon the

USPTO) i.e. clear and convincing evidence (with no room for any speculation, inference or surmise). *See In Re Bose Corporation,* 580 F. 3d 1240 (Fed. Cir. 2009) (Establishing the very high burden for a party claiming fraud on the USPTO). IMP has not and it cannot prove that International's predecessor, Entertainment made false material mis- representations to the USPTO with the specific intent to deceive the USPTO when here, there is simply no evidence of Entertainment's intent.

**WHEREFORE** for the reasons listed herein, Plaintiff, International asks this Court to enter the Temporary Injunction, prohibiting the Defendants from use of the Mark "Menudo." Internatinoal stands ready to post bond as ordered by the Court.

Dated this 13th day of October, 2017.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Plaintiff*
175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone:  305-384-7370

By: __/ *s/Richard C. Wolfe*_____
RICHARD C. WOLFE
Florida Bar No.:  355607
rwolfe@wolfelawmiami.com

**CERTIFICATE OF SERVICE**

We hereby certify that on October 13, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.