UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE: 1:17:cv-21559 KMW

MENUDO INTERNATIONAL, LLC
A Florida LLC

Plaintiff,

v.

IN MIAMI PRODUCTION, LLC.
A Florida LLC., Maria Cristina Bruan, an individual,
et. al.

Defendants.
_____

**IMP'S MOTION TO STRIKE PLAINTIFF'S POST-HEARING MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION**

NOW COMES the Defendant In Miami Production, LLC ("IMP") and pursuant to Federal Rule of Civil Procedure 12(f) respectfully requests this Court strike Menudo International, LLC's ("Plaintiff" or "Menudo International") Post-Hearing Memorandum of Law In Support of Plaintiff's Motion for Temporary Injunction (Doc. No. 56) and in support states as follows:

**I.    Introduction**

On October 3, 2017, this Court ordered the Parties to each file a Post-Hearing memorandum. On October 10, 2017, Plaintiff filed its Post-Hearing memorandum (Doc. 56) which contains incorrect factual assertions made in an attempt to mislead this Court. Accordingly, the portion of the Plaintiff's memorandum containing these false misrepresentations should be stricken because this Court should not rely on false statements in reaching its decision on the pending motion.

**II.    Legal Standard**

1

Rule 12(f) states, in relevant part, that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." "Impertinent allegations involve those which could not be put in issue or be given in evidence between the parties." *Oaks v. City of Fairhope*, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981). If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Therefore, a motion to strike will granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. *Blake v. Batmasian*, 318 F.R.D. 698, 700-01 (S.D. Fla. 2017) (citing 2 James W. Moore et al., Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992)).

### III. Argument: The Plaintiff Has Misrepresented the Status of its Various Trademark Applications.

Without consulting the Trademark Electronic Search System ("TESS") to determine the *current*[1] status of the MENUDO marks at issue in this case, and in support of its rebuttal, the Plaintiff included the following chart on page 8 (Doc. 56):

| PLAINTIFF'S EXHIBIT | MARK # | OWNER | DATE MARK CANCELLED | FOR |
|---|---|---|---|---|
| 2 | 7853677 | Entertainment | Live | Live Performances |
| 3 | 78536791 | Entertainment | Live | T-Shirts |
| 4 | 77027550 | Entertainment | Live | Live Performances |
| 7 | 4558767 | International | Live | Entertainment Services |
| 8 | 87656545 | International | Live | Audio and Video Recordings |
| 8 | 87193519 | International | Live | Live Performances |

---

[1] At the October 3, 2017 hearing, IMP orally objected to Plaintiff's introduction of outdated registration certificates because these marks are now dead. In other words, these misrepresentations cannot be inadvertent since the parties (and the Court) addressed these very issues at the conclusion of the hearing.

As explained below, the representations made in this chart are false. The following chart represents the actual status of each of these trademark applications[2]:

| PLAINTIFF'S EXHIBIT | MARK # | OWNER (if DEAD, last listed owner on USPTO) | DATE MARK CANCELLED | FOR |
|---|---|---|---|---|
| 2 | 78536777 | Menudo Entertainment, LLC | 12/19/2014 | IC 009: DVDs; IC 041: live performances |
| 3 | 78536791 | Menudo Entertainment, LLC | 11/4/2016 | IC 016: Posters, stickers; IC 025: t-shirts |
| 4 | 77027550 | Menudo Entertainment, LLC | 11/21/2016 | IC 041: live performances |
| 7 | 4558767 | Menudo International, LLC | N/A (registered) | IC 041: entertainment services |
| 8 | 87056545 | Menudo International, LLC | N/A(application is intent-to-use, not registered) | IC 009: recordings; IC 016: posters, stickers; IC 025:t-shirts |
| 8 | 87193518 | Menudo International, LLC | N/A(application is intent-to-use, not registered) | IC 041: live performances |

Mark # 7853677 [sic] is a cancelled trademark for MENUDO in international class 009 (for prerecorded DVDs featuring music and musical performances; downloadable musical sound recordings and ring tones) and international class 041 (for live performances featuring music; personal appearances by members of a musical group). The United States Patent and Trademark Office ("USPTO") cancelled Mark # 78536777 on December 19, 2014. *See* Exhibit A, TESS screen shot obtained on October 13, 2017. Further, the Trademark Status & Document Retrieval ("TSDR") reflects Mark # 78536777 as: "***DEAD/REGISTRATION/ Cancelled/Invalidated***. The trademark application was registered, but subsequently it was cancelled or invalidated and removed from the registry." *See* Exhibit B, TSDR page for Mark 78536777 (emphasis added). Additionally, the TSDR status of Mark # 78536777 is: "***Registration cancelled*** because

---

[2] The true and accurate serial numbers are also identified

3

registrant did not file an acceptable declaration under Section 8." *See* Exhibit B (emphasis added). This mark is dead.[3]

Mark # 78536791 is a cancelled trademark for MENUDO in international class 016 (for posters, stickers) and international class 025 (for t-shirts, sweatshirts, hats, caps). The USPTO cancelled Mark #78536791 on November 4, 2016. *See* Exhibit C, TESS screen shot obtained on October 13, 2017. Further, the TSDR shows the world that Mark # 78536791 is:

"***DEAD/REGISTRATION/ Cancelled/Invalidated***. The trademark application was registered, but subsequently it was cancelled or invalidated and removed from the registry." *See* Exhibit D, TSDR page for Mark # 78536791 (emphasis added). Additionally, the TSDR status of Mark # 78536791 is: "***Registration cancelled*** because registrant did not file an acceptable declaration under Section 8." *See* Exhibit D (emphasis added). This mark is dead.[4]

Mark # 77027550 is a cancelled trademark for MENUDO in international class 041 (for Entertainment in the nature of live performances by a musical group; Entertainment in the nature of on-going television programs in the field of music and variety; Entertainment services, namely, providing a web site featuring musical performances, musical videos, related film clips, photographs, and other multimedia materials; Motion picture film production). The USPTO cancelled Mark # 77027550 on November 21, 2014. *See* Exhibit E, TESS screen shot obtained on October 13, 2017. Further, the TSDR shows Mark # 77027550 as:

"***DEAD/REGISTRATION/ Cancelled/Invalidated***. The trademark application was registered, but subsequently it was cancelled or invalidated and removed from the registry." *See* Exhibit F, TSDR page for Mark # 77027550 (emphasis added). Additionally, the TSDR status of Mark #

---

[3] Plaintiff's Exhibit 2 is a screenshot of TESS from November 7, 2014; cancellation was one month later, and as such, this exhibit is a deceitful, inaccurate reflection of the Mark # 78536777

4

77027550 is: "***Registration cancelled*** because registrant did not file an acceptable declaration under Section 8." *See* Exhibit F (emphasis added). This mark is dead.[5]

Plaintiff's Post-Hearing Memo additionally, and inaccurately, describes the status of many of the MENUDO marks and applications. Specifically, the Memo says the following:

> "1) Many of the cancellations occurred after the owner had transferred it's rights. Put simply, once a corporation (Like Entertainment) sells it's interest in a trademark, there is no reason for it to renew. Therefore, eventually every old trademark registration is canceled; 2) The trademarks 7863677 [sic], 78536791, and 77027550 in favor of Menudo Entertainment have not been canceled; 3) The USPTO has issued three new trademark registrations in favor of Plaintiff, one for Entertainment Services (4558767), one for live Audio and Video Recordings (87656545)[sic], and one conditionally for Live Performances (87193519)[sic] so long as it uses the mark by February 29, 2018;…"

*See* Doc. No. 56, pg. 8. As explained *supra*, the trademark registrations for 7863677 [sic], 78536791, and 77027550 **have been cancelled** and any statement to the contrary is false. The only true and correct statement regarding the status of any of the MENUDO Marks is the fact that Mark # 4558767 is a registered trademark in international class 041 for Entertainment services, namely, providing a web site featuring musical performances, musical videos, related film clips, photographs, and other multimedia materials in the field of music; entertainment in the nature of on-going television programs and television specials in the fields of music and variety; motion picture film production.

As if all of this were not enough, the Plaintiff mischaracterizes the Marks 87656545 and 87056545 as "registered trademarks," when in reality they are applications for trademarks and are not registered trademarks. There's a difference. *See* 15 U.S.C. §1501 Application for registration; verification; 15 U.S.C. §1057 Certificate of registration; 15 U.S.C. §1702

---

[5] Plaintiff's Exhibit 4 is a screenshot of TESS from November 7, 2014; cancellation was weeks later, and as such, this exhibit is a deceitful, inaccurate reflection of the Mark # 77027550.

Registration as notice. Specifically, Mark # 87056545 (which IMP presumes is the application Plaintiff is referring to by #87656545) is an intent-to-use application for the mark MENUDO in classes 009, 016, and 025. At this stage, Mark # 87056545 simply reflects an application that has been submitted to the USPTO, and in no way reflects an issuance of a registration. To refer to Mark # 87056545 as a "registration" is a false statement of fact. Similarly, Mark # 87193518 (which IMP presumes is the application Plaintiff is referring to by #87193519) is also an intent-to-use application that has not yet been awarded registration. There is no such thing as a "conditional registration." *See* TMEP §1101 Bona Fide Intention To Use the Mark In Commerce; TMEP §1103 Allegations of Use ("While §1(b) of the Trademark Act provides for filing a trademark or service mark application based on the applicant's bona fide intention to use the mark in commerce…*registration may not be granted until the applicant files an acceptable allegation of use.*)(emphasis added). To date, Plaintiff has filed no such allegations of use. Accordingly, to refer to a 1(b) intent-to-use application as a "registration" of any kind is a false statement of fact and is being used to deceive the Court into believing that the Plaintiffs have greater federal registration trademark rights than they actually have.

To be sure, the Plaintiff's only registered trademark is Mark #85970798. This registered trademark was procured by fraud and is the subject of Count I of IMP's counterclaim. (Doc. No. 15). USPTO serial numbers 78536777, 78536791 and 77027550 have all been cancelled and are dead. USPTO serial numbers 87056545 and 87193518 are live *applications* and have been issued no such registration from the USPTO. Accordingly, IMP has included false information which is impertinent on its face, may confuse the issues, and will prejudice IMP if taken as true.

IMP has filed this motion to bring these factual misrepresentations to the Court's attention, in advance of its ruling on the pending Motion for Preliminary Injunction. IMP has

6

sent the Plaintiff a Rule 11 Safe Harbor letter on this basis, and hopes that the Plaintiff withdraws these portions of its pleading within the safe harbor period.

WHEREFORE IMP requests this Court enter an order striking Plaintiff's Post-Hearing Memorandum of Law In Support of Plaintiff's Motion for Temporary Injunction and for any other relief this Court deems just and proper.

**Local Rule 7.1(a)(3) Certification**: The undersigned certifies that she has made reasonable efforts to confer with counsel for the Defendant by e-mailing counsel on October 13, 2017, requesting that counsel for Defendant strike the aforementioned portions of his brief which contain false statements of fact. This e-mail was not responded to, and accordingly, IMP has filed this motion.

Respectfully Submitted,

/s/Vivek Jayaram

Vivek Jayaram, Esq.
Johanna Hyman, Esq.
Jayaram Law Group
125 S. Clark Street
17th Floor
Chicago, IL 60603
vivek@jayaramlaw.com
T: 646.325.9855
Counsel for Defendants
Admitted Pro Hac Vice

Joshua Ryan Alhalel
Alhalel Law
777 Brickell Avenue, Suite 600
Miami, FL 33131
305-563-9060
Email: josh@alhalel-law.com
Local Counsel

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 13, 2017 he filed the foregoing Motion to Strike Plaintiff's Post-Hearing Memorandum of Law In Support of Plaintiff's Motion for Temporary Injunction using the Court's CM/ECF electronic filing, which will electronically serve all counsel of record:

WOLFE LAW MIAMI, P.A.
RICHARD WOLFE
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
rwolfe@wolfelawmiami.com

T. 305.384.7370
F. 305.384.7371
M. 305.401.3639

/s/Vivek Jayaram

Vivek Jayaram, Esq.
Jayaram Law Group
125 S. Clark Street
17th Floor
Chicago, IL 60603
vivek@jayaramlaw.com
T: 646.325.9855
Counsel for Defendants

Joshua Ryan Alhalel
Alhalel Law
777 Brickell Avenue, Suite 600
Miami, FL 33131
305-563-9060
Email: josh@alhalel-law.com
Local Counsel