UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE: 1:17:cv-21559KMW

MENUDO INTERNATIONAL, LLC
A Florida LLC,

   Plaintiff,

v.

IN MIAMI PRODUCTION, LLC.
A Florida LLC,  Marua Christina Braun, an individual,
et. al.,

   Defendants.

_____/

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE [DE 68] TO PLAINTIFF'S MOTION TO AMEND COMPLAINT [DE 67]

   Plaintiff, MENUDO INTERNATIONAL, LLC ("Menudo"), by and through undersigned counsel, files this Reply to Defendants' Response [DE 68] to Plaintiff's Motion to Amend Complaint [DE 67] (the "Motion to Amend"), and states as follows:

## OVERVIEW

   Defendants' objections to the Motion to Amend misstates the record, and Defendants have not set forth a basis for this Court to deny Plaintiffs a first amendment. The first amendment makes no substantive chances, but rather, it corrects allegations to properly set forth the proceedings and filings before the United States Patent and Trademark Office ("USPTO") and to assert claims for tortious interference, some of which occurring after the Complaint was filed. Defendants' citations for the proposition that the Motion to Amend is untimely is misplaced; because this Court is yet to issue a trial order. Defendants' assertion that they would be prejudiced is likewise false, in that only 2 depositions have occurred and to the extent

Defendants seek written discovery (to address any new issue raised by the first amendment), Defendants have ample time to do so.

**STANDARD**

Fed. R. Civ. P. 15(a) provides that "leave shall be freely given when justice so requires." Amendments to a complaint should be liberally allowed, as a "substantial reason" must exist to deny leave to amend. *Shipner v. Eastern Air Lines,* 868 F.2d 401, 407 (11th Cir. 1989). Eaton v. Courtaulds, Inc., 1995 U.S. Dist. LEXIS 13367, at *1-2 (S.D. Ala. 1995). "Courts should allow parties to amend complaints freely and liberally when justice so requires, and only deny leave to amend for a substantial reason such as (i) undue prejudice to the opposing party; (ii) bad faith; (iii) undue delay; or (iv) futility of the amendment itself." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001) To prove that an amendment will result in undue prejudice, the opposing party must demonstrate that: (i) they will be required to expend significant additional resources  to conduct discovery; (ii) there will be a significant delay to the resolution of the dispute; or (iii) the delay will prevent the opponent from bringing a timely action in another jurisdiction. Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993). However, courts have held that because all amendments inevitably involve some additional expense to the opposing party, if the amendment only causes the opposing party to incur nominal expenses, it does not amount to undue prejudice. Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla., 148 F.3d 1231, 1257 (11th Cir. 1998).Gordon v. IRS (In re Johnson), Nos. 16-51072-PMB, 16-05349-PMB, 2017 Bankr. LEXIS 2412, at *6-7 (Bankr. N.D. Ga. Aug. 25, 2017).

The Eleventh Circuit has held that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district

court dismisses the action with prejudice." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991), *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1308 (11th Cir. 1999) *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); Although whether to grant leave to amend rests in the district court's discretion, Rule 15(a) "severely restricts" that discretion. *Sibley v. Lando,* 437 F.3d 1067, 1073 (11th Cir. 2005). Indeed, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors. *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 534 (S.D. Ala. 2007).

### Defendants Incorrectly Assert Plaintiff's Request for Leave is Untimely

The entire premise of Defendants' argument regarding untimeliness is based upon the scheduling report....which this Court has not yet adopted. Since there is no scheduling order entered in this case, Plaintiff's request does not violate any <u>order</u>, and the scheduling report is not the equivalent of a scheduling order. For this reason, none of the cases cited by Defendants regarding the effect of Rule 16(b) are on point.

Indeed, Defendants have presented no evidence in the form of an affidavit demonstrating how they have been or would be prejudiced, let alone unduly prejudiced. They do not even argue what new discovery would need to be re-taken, nor why that would even be unduly burdensome, let alone unduly prejudicial.

Since this Court has yet to issue a scheduling order, Plaintiff is not on notice of an imposing or upcoming deadline which would trigger Plaintiff to act.

Defendants next argue that Plaintiff failed to attach the proposed Amended Complaint; however, Plaintiff did file the proposed Amended Complaint which is of record. *See* DE 64.

### Plaintiff Did Act With Due Diligence

Plaintiff filed the Amended Complaint on November 20, 2017 (DE 64), just a few days after the order on the Motion for Preliminary Injunction, during which time, Plaintiff learned of the deficiencies to it's allegations of infringement.

**Defendants Will Not Be Unduly Prejudiced by the Amendment**

Defendant acknowledge that the Court's ruling on allowing amendment turns on the issue of prejudice. Here, Defendants only graze the issue arguing that "substantial discovery has already taken place…which would require a (second) deposition…" No case has held that amounts to a undue prejudice, especially where here the discovery period has not closed. And Defendants could easily address the minor changes in the allegations (of the Amended Complaint) with written discovery or a second 30(b) (6) deposition; especially whereas here, no summary judgment has been filed.

**The Amendment Would Not be Futile**

Defendants argue Counts 6 (Common Law Injury to Business Reputation), 7 (Tortious Interference with Contractual Business Relationships) and Count 8 (Tortious Interference with Advantageous Business Relationships) are futile and hence, the amendment should not be allowed.

First, Count 6 is identical to Count 6 of the initial complaint.

Second, Defendants seek to expand the litigation privilege beyond acts that occurred between the parties in litigation, to acts outside of litigation, taken to interfere with business relations with a non-party to this litigation. If a court were to endorse this expansive reading of the litigation privilege, then there would be a "free for all" in which parties to a litigation could openly and freely commit defamation and tortious interference. None of the cases cited by Defendants support this expansion of the litigation privilege. Defendants first cite to *Levin*

4

*Middlebrooks et al. v. United States Fire & Ins. Co.,* 639 So. 2d 606 (Fla. 1994). However, in that case, the court applied the privilege to acts taken with the judicial proceeding taken against counsel to a party in that litigation. There, the *Levin* firm represented that opposing counsel would be a witness in the case and sought to disqualify the firm which was granted. The moving party never called the lawyer. The law firm sued for tortious interference, which the court dismissed under the litigation privilege, because the moving party's actions (constituting tortious interference) occurred in the judicial proceeding.

Likewise, Defendants' citation to *Echevaria, McCalla et al. v. Cole,* 950 So. 2d 380 (Fla. 2007) is equally unavailing. There, the court held actions taken by a law firm in a foreclosure proceeding could not be subject to a subsequent action under Florida's Consumer Protection Act. Like the holding in *Levin,* the acts focused on acts taken by a party to the litigation against the opposing party in litigation and filed in the judicial proceeding.

Neither of the other cases relied upon by Defendants, *Green Leaf Nursery v. EI Dupont*, 341 F. 3d 1292 (11th Cir. 2003) or *Jackson v. Bellsouth*, 372 F. 3d 1250 (11th Cir. 2004), involved actions taken by a non-party to the litigation that was taken outside of the litigation.

### The Noerr-Pennington Doctrine Does not Apply to the Defendants' Tortious Act Taken outside of the Litgation

As Defendants correctly point out, the *Noerr-Pennington Doctrine* is intended to protect a party's First Amendment right to protection of anti-competition or unfair trade practices…issues that have no bearing in this case.

In their response, Defendants argue "this Court cannot conclude…that (Defendant's) assertion of it's trademark rights in the Menudo Mark are a sham." However, Defendants have not asserted that they have any rights in the Mark owned by Plaintiff. They only assert that Plaintiff cannot enforce those rights against Defendants. Nowhere in their answer (DE 14) do

Defendants claim that Plaintiff is making claims that are anti-competitive  or which are unfair trade practices.

Plaintiff's citation to *McGuire Oil Co. v. Mapco,* 958 F. 2d 1152 (11th Cir. 1992), demonstrates why the *Noerr-Pennington Doctrine* is not applicable to this "run-of-the-mill" claim for tortious interference brought by a trademark holder. In *Mapco,* the Plaintiff brought claims under the *Clayton Antitrust Act* (15 USC 15) and claims of conspiracy under the *Sherman Antitrust Act* (15 USC § 1), and the court focused upon the effect of such claims to influence adjudicative governmental bodies or legislative officials, a key factor missing in this case, where there are no claims of anti-competition, no claims of conspiracy and no administrative office to be influenced. In fact, this Plaintiff could not find a case where *Noerr-Pennington* was applied to a party other than the trademark holder.

In *Select Comfort Corp. v. Better Sleep Store, LLC,* 838 F. Supp. 2d 889 (No. Minn. 2012), the court analyzed the 7 circuits that have addressed the application of the *Noerr-Pennington Doctrine* to pre-suit demand letters (sent by a plaintiff to potential defendants in litigation) was barred by the doctrine. However, here Defendants have no rights to enforce a trademark that it owns and Defendants have no claim against the persons to whom they sent the tortious letters to. Finally, as multiple cases have held, the *Noerr-Pennington Doctrine* would not apply if Defendants' claims are a sham and this Court certain cannot make that determination at his stage in the litigation.

## **CONCLUSION**

This Court should allow the filing of the First Amended Complaint because: a) it is not outside of the scheduling order; b) the Defendants will not be unduly prejudiced; and c) the new claims of tortious interference are not futile.

Respectfully submitted,


**WOLFE LAW MIAMI, P.A.**
*Counsel for Plaintiff Menudo International*
175 Southwest 7 Street, Suite 2410
Miami, Florida 33130
T: 305.384.7370
F: 305.384.7371


By:  */s/ Richard Wolfe*
Richard C. Wolfe, Esq.
Florida Bar No.: 355607
Rwolfe@wolfelawmiami.com

<u>**CERTIFICATE OF SERVICE**</u>

We hereby certify that on January 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.