UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE: 17-cv-21559

MENUDO INTERNATIONAL, LLC
A Florida LLC

Plaintiff,

v.

IN MIAMI PRODUCTION, LLC.
A Florida LLC.,
Maria Cristina Braun, an individual, and
Charlie Masso, an individual

Defendants.
_____/

## ANSWER TO VERIFIED FIRST AMENDED COMPLAINT[1]

Defendants, IN MIAMI PRODUCTION, LLC ("IMP") and MARIA CRISTINA BRAUN ("Ms. Braun") (collectively hereinafter referred to as "Defendants"), by and through its undersigned counsel, answers as follows:

### JURISDICTION AND VENUE

This is a complaint for Trademark Infringement, Unfair Competition and False Description arising under §§ 31 and 43 of the Lanham Ac, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125 (a) (Unfair Competition and False Description) for Unfair Business Practices arising under Florida Statutes §§ 495.131, 495.151 and for injury to business reputation under common law and for tortious interference with a contractual business relationship and tortious interference with prospective advantageous business relationship.

1.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. §1121.  This Court has related claim jurisdiction over the

---

[1] "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." Fed. R. Civ. P. 11(a).

pendant state law claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367. The Court has *in personam* jurisdiction over each of the Defendants, who each conducts business in this judicial district, and because each of the Defendants directed its wrongful actions and has caused damage to Plaintiff here in the State of Florida.

**ANSWER:** Defendants admit that this Court has original subject matter jurisdiction, related claim jurisdiction and *in personam* jurisdiction. Defendants admit they conduct business in this judicial district. Defendants deny they directed any wrongful actions or caused damage to Plaintiff in the State of Florida or anywhere else.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 inasmuch as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

**ANSWER:** Defendants admit that Venue is proper in this judicial district.

### PARTIES

3. Plaintiff is and at all times mentioned herein was, a limited liability company organized and existing under the law of the State of Florida, having a principal place of business in Monroe County Florida. At all times herein, Plaintiff has been engaged in the business of developing, marketing and distributing and selling goods and services under the trademark "MENUDO".

**ANSWER:** Defendants lack sufficient knowledge to admit or deny whether at all times mentioned in the Complaint Plaintiff is a limited liability company organized and existing under the law of the State of Florida, having a principal place of business in Monroe County Florida. Defendants specifically deny that Plaintiff at all times mentioned in the Complaint has been

engaged in the business of developing, marketing, distributing and/or selling goods and services under the trademark "MENUDO" and demand strict proof thereof.

4. Plaintiff was established as the exclusive entity to license the mark MENUDO based on it's [sic] ownership of a MENUDO registration, applications and common law rights.

**ANSWER:** Defendants lack sufficient knowledge as to why Plaintiff was established and deny that it is the exclusive entity to license the mark MENUDO along with any trademarks created and closely associated therewith, including any MENUDO trademarks, and any related applications and common law rights.

5. Defendant, IN MIAMI PRODUCTION, LLC ("IMP") is a company that is believed to produce live entertainment events. IMP is a Florida LLC with its principle place of business in Miami Dade County, Florida.

**ANSWER:** Defendants admit that IMP is a company that produces live entertainment events.. Defendants admit that IMP is a Florida LLC with its principle place of business in Miami Dade County, Florida.

6. Defendant, MARIA CRISTINA BRAUN ("BRAUN") is an individual who is a resident of Miami Dade County, Florida who controls the infringing activities of IMP.

**ANSWER:** Defendants admit that BRAUN is an individual that is a resident of Miami Dade County, Florida. Defendants admit that BRAUN controls the activities of IMP but denies that any of IMP's activities are infringing.
.

## FACTUAL BACKGROUND

7. Formed in 2015, Plaintiff is an LLC which owns and uses in commerce, the trademark "MENUDO," as well as common law rights for various goods and services including, inter alia,

MENUDO Registration No. 4,558,767 (hereinafter referenced as "the Mark"). A copy of the Certificate, Registration No. 4,558,767 for entertainment services, namely providing a website featuring musical performances, musical videos... other multimedia materials in the field of music television performances by a musical group" is attached hereto as **Exhibit A**.

**ANSWER:** Defendants deny the allegations in paragraph 8. Defendants further deny that Exhibit A reflects any trademark registrations.

8. Plaintiff also filed MENUDO Application No. 87/193,518 for "live performances by a musical group." The United States Patent and Trademark Office issued a Notice of Allowance and Plaintiff has until February 28, 2018 to begin use in commerce or file extensions therefor. A copy of the United State Patent and Trademark Office ("USPTO") printout showing the particulars therefor is attached hereto as Exhibit B.

**ANSWER:** Defendants are without knowledge to admit or deny the allegations in paragraph 8.

9. Plaintiff also filed MENUDO Application No. 87/056,545, for use of the Mark for audio and video recordings , posters, t-shirts, sweatshirts, hats, caps. A copy of the USPTO printout showing the particulars therefor is attached hereto as **Exhibit C.**

**ANSWER**: Defendants are without knowledge to admit or deny the allegations in paragraph 9.

10. Since 2016 and continuing to present, Plaintiff has marketed, distributed, and/or sold it's [sic] goods and services bearing the Mark or similar variations thereof and it has attempted to exploit the Mark and the common law goodwill associated therewith. Plaintiff has spent large amount of time, energy and money to develop the goodwill associated with the Mark.

**ANSWER**: Defendants deny that Plaintiff has marketed, distributed, and/or sold its goods bearing the Mark or similar variations thereof and further denies that Plaintiff has attempted to exploit the Mark and the common law goodwill associated therewith. Defendant lacks

knowledge sufficient to admit or deny if Plaintiff has spent any time, energy or money but denies that Plaintiff has done anything to develop the goodwill associated with the Mark.

11.     Plaintiff is also the direct or indirect assignee of all prior entities that owned an interest in the Mark, and the common law right associated therewith, including Big Bar Entertainment , LLC, Menudo Entertainment, LLC, Global Entertainment LLC., New Global Entertainment LLC. , Oscar Llord (and his companies) and Edgardo Diaz (and his companies including Padosa Productions, Inc. ("Padosa")) who first developed and made the Mark famous. A true and correct of the assignment document from the immediate preceding trademark owner is attached as Exhibit D, along with the filed copy of the recordation of same in the U.S. Patent and Trademark Office

**ANSWER:** Defendants lack sufficient knowledge to admit or deny whether Plaintiff is the assignee of any rights in the Mark and further lacks sufficient knowledge to admit or deny the chain of title as described in paragraph 11. . Defendants specifically deny that Plaintiff owns <u>all</u> rights in the Mark and deny that the Mark has been used by the Plaintiff since 1995.

12.     Defendants intentionally marketed live performances of a group of singers using the Mark, for advertising and promotions, who are not associated or sponsored by Plaintiff, but rather, who are each former members of a group performing under Menudo; each of whom signed contracts with Edgardo Diaz and Padosa, acknowledging his ownership of the Mark, and confirming agreement that they would not publically perform under the Mark. A true and correct copy of an exemplar [sic] of the contracts that said artists entered into with Padosa, together with a translation of same is attached hereto as **Exhibit E**. Further, Defendants have falsely attempted to register a claim to the Mark in countries other than the United State, they have marketed and distributed T-shirts containing an obvious reference to Plaintiffs Mark and they have used a

particular font, closely associated and registered by Edgardo Diaz and used from 1977 to 2016. Additionally, Defendants have attempted to market a Menudo 40th Anniversary tour in an overt attempt to mask the public to believe that they own the Mark and to capitalize on the goodwill owned by Plaintiff.

**ANSWER:** Defendants admit that they market and promote live performances by a group of singers that were former members of the band MENUDO. Defendants admit they did not have permission from Plaintiff but deny that any permission was required because, among other reasons, the Defendants have rights in the MENUDO trademark. Defendants admit that attempted to register trademarks in other countries, but deny that doing so was a false attempt because, among other reasons, Defendants have rights in the MENUDO trademark. Defendants deny the remaining allegations in this paragraph 11.

13. At all times relevant, Defendant Braun [sic] controls and directs the activities of IMP.

**ANSWER**: Defendant admits that Cristina Bruan controls and directs the activities of IMP.

### COUNT I – TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT AGAINST ALL DEFENDANTS

14. Plaintiff repeats and hereby incorporates by reference as though specifically pleaded herein, the allegations of paragraphs 1 – 13.

**ANSWER:** Defendants repeat and hereby incorporate by reference as though specifically pleaded herein, the answers to allegations in paragraphs 1-13.

15. The aforesaid acts of Defendants constitutes [sic] infringement of the Mark, in violation of Section 32(1) of the Lanham Act of 1949, as amended, 15 U.S.C §1114(1).

**ANSWER:** Defendants deny the allegations in this paragraph 15.

16. Defendants' use of the Mark is an infringement of Plaintiff's trademarks for is likely to cause confusion, mistake and deception of the public as to the identity and origin of Defendants' goods and services causing damage and irreparable harm to Plaintiff for which there is no adequate remedy at law. Unless Defendants is restrained from continuing its wrongful acts, the damage to Plaintiff will increase.

**ANSWER:** Defendants deny each and every allegation in paragraph 16.

17. Plaintiff is informed and believes thereon that each Defendant has unlawfully obtained profits from the sales of products and tickets guaranteed from the unlawful exploitation of the Mark The amount of money earned by each Defendant is unknown and can only be ascertained by an accounting of Defendants' files, books and records.

**ANSWER:** Defendants deny that it has unlawfully obtained profits and denies that its use of the Mark is an unlawful exploitation. Plaintiff is not entitled to an accounting.

18. An accounting is necessary to determine the true status of Defendants' accounts and the amounts owed to Plaintiff.

**ANSWER:** Defendants deny that an accounting is necessary or that Plaintiff is entitled to an accounting.

19. By reason of the foregoing acts, each Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C §1114.

**ANSWER:** Defendants deny the allegations in paragraph 19.

<u>**COUNT II – UNFAIR COMPETITION, FALSE DESIGNATION OR ORIGIN– 15 U.S.C §1125(a)**</u>

20. Plaintiff repeats and hereby incorporates by reference as though specifically pleaded herein, the allegations of paragraphs 1 – 13.

**ANSWER:** Defendants repeat and hereby incorporate by reference as though specifically pleaded herein the answers to the allegations of paragraph 1-13.

21. Defendants' use of the Mark to promote, market or sell its products and services, which are described, are in direct competition with Plaintiff's products and services and constitutes unfair competition and false designation of origin in violation of 15 U.S.C §1125(a). Defendants' use of the Mark on these goods is likely to cause confusion, mistake, and deception amongst consumers who are associated with or endorsed by Plaintiff.

**ANSWER:** Defendants deny the allegations in this paragraph 21.

22. Defendants' wrongful acts have permitted or will permit it to capitalize on the success, goodwill and reputation of Plaintiff and the strength of Plaintiff's Mark in promoting its own goods and services.

**ANSWER:** Defendants deny the allegations in this paragraph 22.

23. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will be deprived of the value of their Mark and their related assets, including confusing the public regarding who (Plaintiff or Defendant) is the legitimate 40th Anniversary Tour.

**ANSWER:** Defendants deny the allegations in this paragraph 23.

24. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged and such damage will continue unless the Court enjoins Defendants' acts. Plaintiff has no adequate remedy at law for Defendants' continuing violation of their rights.

**ANSWER:** Defendants deny the allegations in this paragraph 24.

**COUNT III – UNFAIR COMPETITION UNDER FLORIDA STATUTES §§495.131, 151**

25.     Plaintiff repeats and hereby incorporates by reference as though specifically pleaded herein, the allegations of paragraphs 1 – 13.

**ANSWER:** Defendants repeat and hereby incorporate by reference as though specifically pleaded herein its answers to the allegations in paragraphs 1-13.

26.     Defendants' actions discussed herein constitute unfair competition within the meaning of sections 495.131 and 151, Florida Statutes.

**ANSWER:** Defendants deny the allegations in this paragraph 26.

27.     Plaintiff's is entitled to preliminary and permanent injunctive relief ordering each Defendant to cease this unfair competition, as well as disgorgement of all of each Defendants' profits associated with this unfair competition which have been derived from the exploitation of Plaintiff's Mark and Common Law Rights.

**ANSWER:** Defendants deny the allegations in this paragraph 27.

### COUNT IV – DECEPTIVE, FALSE AND MISLEADING ADVERTISING- FLORIDA STATUTE §495.151

28.     Plaintiff repeats and hereby incorporates by reference as though specifically pleaded herein, the allegations of paragraphs 1 – 13.

**ANSWER:** Defendants repeat and hereby incorporate by reference as though specifically pleaded herein its answers to the allegations in paragraphs 1-13.

29.     The acts of each Defendant described above constitute untrue and misleading advertising by Florida Statute 495, *et seq*.

**ANSWER:** Defendants deny the allegations in this paragraph 29.

30.     Defendants' use of the Mark as well as the false and infringing use of the Mark in the same market is likely to create confusion, or to cause mistake or to deceive consumers as to the affiliation, connection or association of Plaintiff's products and services, or deceive

consumers as to the origin, sponsorship or approval by Plaintiff of Defendants' products and services.

**ANSWER:** Defendants deny the allegations in this paragraph 30.

31. Defendants' wrongful acts have permitted or will permit them to capitalize on the success, goodwill and reputation of Plaintiff and the strength of Plaintiff's Mark in promoting his own goods and services.

**ANSWER:** Defendants deny the allegations in this paragraph 31.

32. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged and such damage will continue unless the Court enjoins Defendants' acts. Plaintiff has no adequate remedy at law for Defendants' continuing violation of Plaintiff's rights.

**ANSWER:** Defendants deny the allegations in this paragraph 32.

### COUNT V – TRADEMARK INFRINGEMENT – COMMON LAW

33. Plaintiff repeats and hereby incorporates by reference as though specifically pleaded herein, the allegations of paragraphs 1 – 13.

**ANSWER:** Defendants repeat and hereby incorporate by reference as though specifically pleaded herein its answers to the allegations in paragraphs 1-13.

34. The acts of each Defendant described above constitute trademark infringement of Plaintiff's common law rights in its uses of the Mark.

**ANSWER:** Defendants deny the allegations in this paragraph 34.

35. Defendants' improper use of the Mark is likely to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's good and services and is likely to cause others to believe that there is a relationship between Defendants and Plaintiff.

**ANSWER:** Defendants deny the allegations in this paragraph 35.

36. Defendants' wrongful acts have permitted or will permit them to capitalize on the success, goodwill and reputation of Plaintiff and the strength of Plaintiff's Mark in promoting their own goods and services.

**ANSWER:** Defendants deny the allegations in this paragraph 36..

37. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will be deprived of the value of their Mark and related assets.

**ANSWER:** Defendants deny the allegations in this paragraph 37.

38. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged and such damage will continue unless the Court enjoins Defendants' continuing violation of Plaintiff's trademark rights.

**ANSWER:** Defendants deny the allegations in this paragraph 38.

## COUNT VI – COMMON LAW INJURY TO BUSINESS REPUTATION

Count VI subject to Motion to Dismiss.

## COUNT VII - TORTIOUS INTERFERENCE WITH A CONTRACTUAL BUSINESS RELATIONSHIP

Count VII subject to Motion to Dismiss.

## COUNT VIII - TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

Count VIII subject to Motion to Dismiss.

WHEREFORE, Defendants pray that this honorable Court deny Plaintiffs' requests for relief and find in favor of Defendants on all Counts.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense -- Fair Use**

Plaintiff's claims are barred by the doctrine of fair use. The Defendants' produce live entertainment and musical events and sell related merchandise. One of its live entertainment and musical events features former members of a band called Menudo. Defendants' use of the Mark is a fair use because it is descriptive of and used fairly and in good faith only to describe the goods and/or services provided by Defendants.

**Second Affirmative Defense – Abandonment**

Plaintiff's claims are barred because its rights in the Mark, if any, have been abandoned. Plaintiff does not have an exclusive right in and to the Mark because the Mark was abandoned. The owner of the Mark deliberately ceased using the Mark in commerce for three or more years with no intention to resume commercial use of the Mark. During the three or more year period of nonuse of the Mark the Plaintiff had no plans to resume commercial use of the Mark. As such, Plaintiff has no exclusive rights to use MENUDO.

**Third Affirmative Defense – No Use in Commerce**

Under the Lanham Act 15 U.S.C. §1127, a business must engage in bona fide use of a mark in the ordinary course of trade, and not use which is made merely to reserve a right in a mark. Plaintiff has no bona fide use of the Mark in the ordinary course of trade. As such, Plaintiff has no exclusive rights to use MENUDO.

**Fourth Affirmative Defense – Good Faith**

At all times relevant hereto, Defendants acted in good faith and with reasonable grounds for believing that it was not infringing on any of the Plaintiff's trademark rights.

**Fifth Affirmative Defense – Laches**

Plaintiff's claims are barred in whole or in part by the doctrine of laches. Although Plaintiff's representatives had knowledge of the alleged conduct in the Complaint, Plaintiff inexcusably and unreasonably delayed filing this lawsuit. This delay has caused Defendants undue prejudice for which there is no adequate remedy at law.