UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE: 1:17:cv-21559 KMW

MENUDO INTERNATIONAL, LLC
A Florida LLC

Plaintiff,

v.

IN MIAMI PRODUCTIONS, LLC.
A Florida LLC., Maria Cristina Bruan, an individual,
et. al.

Defendants.
_____

**DEFENDANTS' MOTION TO DISMISS COUNTS VI, VII, AND VIII
OF THE PLAINTFF'S SECOND AMENDED COMPLAINT**

NOW COME the Defendants In Miami Productions, LLC ("IMP") and Maria Cristina Bruan (collectively the "Defendants"), and pursuant to Federal Rule of Civil Procedure 12(b)(6) respectfully requests this Court dismiss Counts VI, VII, and VIII of Menudo International, LLC's ("Plaintiff" or "Menudo International") Second Amended Complaint (Doc. No. 81) and in support states as follows:

**I.     Introduction**

On March 2, 2018, this Court granted IMP's motion to dismiss counts VI, VII and VIII of the amended complaint (Doc. 80)(the "March 2 Order"). The Plaintiff has amended its complaint yet again and has reasserted the same claims in Counts VI, VII, and VIII for Injury to Business Reputation (Count VI) and Tortious Interference (Counts VII and VIII). The Second Amended Complaint is virtually identical to the First Amended Complaint.[1] Presumably after

---
[1] For this reason, IMP respectfully incorporates each of the arguments made in its prior Motion to Dismiss into this motion. *See* Doc. 76.

1

reading this Court's well-reasoned decision on IMP's motion to dismiss reflected in the March 2 Order, the Plaintiff has made two additional and conclusory allegations[2]:

1. "The Defendants are strangers to the business relationship between Trading Connections and the Plaintiff" ; and

2. "The Defendants actions as described herein are unjustified and without legal basis."

*See* Doc. 81, ¶¶42, 49, and 53.

These allegations do not come close to curing the deficiencies identified by the Court in its March 2 Order dismissing the First Amended Complaint.

IMP's motion to dismiss Counts VI, VII, and VIII should be granted because (1) Counts VII and VIII fail to allege that IMP's conduct was "unjustified," and (2) Count VI fails to allege that the Plaintiff is using a "similar" (not identical) mark.

## II.     Legal Standard

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[2] To be entirely accurate, the Plaintiff has made no amendments at all to Count VI.  Counts VII and VIII contain a single conclusory allegation that "The Defendants are strangers to the business relationship between Trading Connections and the Plaintiff."  Count VII contains an additional allegation that the Defendants' conduct is "unwarranted" and "without a legal basis."  Doc. 81 ¶¶ 43, 49, and 52.  The Plaintiff has also made certain amendments to Count IV.  These have been made without leave of Court and should be stricken under Rule 12(f).

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Critically relevant to this Court's analysis of the Second Amended Complaint is the long accepted principle throughout the federal courts that a Court should not accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id*.

### III. Argument

#### A. Counts VII and VIII Fail to Allege That IMP's Acts Were Unjustified.

The elements of tortious interference with a business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference." *See Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999). *See also Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248 (11th Cir 2015) (requiring allegations regarding justification element). *See also Sekula v. Residential Credit Solutions, Inc.,* 2016 U.S. Dist. LEXIS 155954 (dismissing tortious interference claims where pleading failed to sufficiently allege facts stating a cause of action under the four elements set forth above).

"For the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." *Salit* 742 So. 2d at 386; *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1294 (11th Cir. 2001). A defendant is not a "stranger" to a business relationship if the defendant "has any beneficial or economic interest in, or control over, that relationship." *Nimbus Tech., Inc. v. Sunndata Prods., Inc.*, 484 F.3d 1305, 1309 (11th Cir. 2007)

(quoting *Tom's Foods, Inc. v. Carn*, 896 So. 2d 443, 454 (Ala. 2004)).  Under Florida law, a defendant is not a stranger to a business relationship, and thus cannot be held liable for tortious interference, when it has a potential financial interest in how a contract is performed.  *Palm Beach County Health Care Dist. v. Prof'l Med. Educ., Inc.*, 13 So. 3d 109 (4th DCA 2009).

Here, Counts VII and VIII fail to allege that IMP's conduct is not justified.  *See* Doc. 81 at pp 7-10.  *See also Duty Free Ams., Inc.,* 797 F.3d 1248.  *See also* S*ec. Title Guarantee Corp. of Balt. v. McDill Columbus Corp*., 543 So. 2d 852, 855 (Fla. Dist. Ct. App. 1989) ("the third element, intentional and unjustified interference with a business relationship, requires the plaintiff to allege that the defendant acted without justification.").

In its March 2 Order, the Court noted that the Plaintiff *might* be able to overcome dismissal if it is able to successfully allege facts that support a conclusion that IMP is a "stranger" to the business relationship between the Plaintiff and Trading Connections, LLC.  *See* Doc. 80 at pp 7-8.  The only additional "facts" alleged in Counts VI and VIII are conclusory.

*First*, the Plaintiff alleges that "Defendants are strangers to the business relationship between Trading Connections and the Plaintiff."  *Second*, the Plaintiff alleges that "The Defendants actions as described herein are unjustified and without legal basis."  These two statements are the poster children of conclusory allegations and do not support a departure from the Court's March 2 Order dismissing Counts VI and VII.  *See, e.g., Alticor, Inc v. UMG Recordings, Inc.,* 2015 U.S. Dist. 20536 (M.D. Fla. 2015) (The plaintiffs' amended complaint for tortious interference was dismissed because they were unable to assert "non-conclusory allegations" that the defendants were strangers to the business relationship).  *See also Belleview Biltmore Partners v. Noah & Associates,* 2018 U.S. Dist. Lexis 42011 (S.D. Fla.) (Torres, J.) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

4

statements, do not suffice, and a pleading that offers nothing more than "a formulaic recitation of the elements of a cause of action" cannot meet the pleading standards set forth by Rule 8."(internal citations omitted)).

Accordingly, Counts VII and VIII should be dismissed.

> **B. Count VI Fails to Allege that IMP's Conduct Creates an Injury To Business Reputation Under Florida Law.**

Under Florida law, a claim for injury to business reputation is reserved for use by famous mark owners to prevent dilution of their mark in the public. *See* Fla. Stat. § 495.151. Section 495.151 requires, in part, a showing of a likelihood of injury to business reputation or of dilution of the distinctive quality of the mark. *See Glen Raven Mills, Inc. v. Ramada International, Inc.*, 852 F. Supp. 1544, 1556 (M.D. Fla. 1994); *Marks v. Cayo Hueso, Ltd.*, 437 So. 2d 775 (Fla. Dist. Ct. App. 1983). Injury to business reputation may be established if the second user of the mark is not financially sound and a lack of financial reliability is then attributed to the first user. *Glen Raven Mills, Inc.* 852 F. Supp. 1556; *Gaeta Cromwell, Inc. v. Banyan Lakes Village*, 523 So. 2d 624, 627 (Fla. 4th DCA 1988); *Sakura Japanese Steakhouse v. Lin Yan, Inc.*, 827 So. 2d 1105, 1107, (Dist. Ct. App. 2002).

Count VI of the Second Amended Complaint pleads no facts supporting any conclusion that any such injury has occurred in this case.

Moreover, under Florida law, a claim for injury to business reputation also requires some proof that the use of a trademark decreases the plaintiff's commercial value. *See Freedom Sav. and Loan Ass'n v. Way*, 757 F.2d 1176, 1186 (11th Cir. 1985). *See also Carnival Corp. v. SeaEscape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1271 n.7, (S.D. Fla. 1999) (finding that the plaintiff's claims failed because they failed to show how defendant's mark decreased their commercial value). Here, the Plaintiff theorizes that IMP's usage of "Menudo" *will* cause

5

persons encountering the Plaintiff and its products to believe that the Defendants are affiliated with the Plaintiff. *See* Doc. 81 at pg 8. Accordingly, the Plaintiff has failed to allege how IMP's usage has decreased its commercial value. *See* Doc. 81. Absent any allegations regarding usage and commercial value, this Court should not allow the Plaintiff to pursue its irrelevant and unsubstantiated claim for injury to business reputation.

Finally, even if this Court concludes that the Plaintiff meets the first element for an injury to business reputation, the Plaintiff fails to meet the second element because the complaint alleges that Defendants used the same mark – not a similar mark. As this Court has previously noted, Fla. Stat. § 495.151 is limited to the use of similar marks. *See, e.g., Bluestar Entm't Int'l, Inc.*, 2008 WL 11333068, at *4 ("Bluestar has not stated that Cooper has used a similar mark; it alleges that Cooper used the same mark. A claim of dilution under state law requires the 'use by another of a similar mark.' Therefore, the Court dismisses this count without prejudice."); *See also Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1024 (11th Cir. 1989) ("This provision permits any trademark owner, whether registered or unregistered, to prohibit either a non-competitor's or competitor's use of a similar mark if there is a likelihood of injury to business reputation or dilution of the mark's distinctive quality."); *Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258, 1267 (N.D. Fla. 2009) (same). Because the Plaintiff's allegations involve Defendants' use of the same Menudo trademark, Plaintiffs cannot pursue a cause of action under Fla. Stat. § 495.151.[3]

---

[3] The Court's hunch was correct; the Plaintiff cannot overcome the limitations set forth in *Tally Ho*. *See* March 2 Order at fn. 4.

WHEREFORE, the Defendants request entry of an order dismissing Counts VI, VII, and VIII, striking the amendments to Count IV, and for any other relief this Court deems just and proper.

Respectfully Submitted,

/s/Vivek Jayaram

Vivek Jayaram, Esq.
Johanna Hyman, Esq.
Jayaram Law Group
125 S. Clark Street
17th Floor
Chicago, IL 60603
vivek@jayaramlaw.com
T: 646.325.9855
Counsel for Defendants
Admitted Pro Hac Vice

Joshua Ryan Alhalel
Alhalel Law
777 Brickell Avenue, Suite 600
Miami, FL 33131
305-563-9060
Email: josh@alhalel-law.com
Local Counsel

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on March 20, 2018 he filed the foregoing Motion to Dismiss the Plaintiff's Second Amended Complaint using the Court's CM/ECF electronic filing, which will electronically serve all counsel of record:

WOLFE LAW MIAMI, P.A.
RICHARD WOLFE
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
rwolfe@wolfelawmiami.com

T. 305.384.7370
F. 305.384.7371
M. 305.401.3639

                   /s/Vivek Jayaram

                     Vivek Jayaram, Esq.
                     Jayaram Law Group
                     125 S. Clark Street
                     17th Floor
                     Chicago, IL 60603
                     vivek@jayaramlaw.com
                     T: 646.325.9855
                     Counsel for Defendants

                     Joshua Ryan Alhalel
                     Alhalel Law
                     777 Brickell Avenue, Suite 600
                     Miami, FL 33131
                     305-563-9060
                     Email: josh@alhalel-law.com
                     Local Counsel